UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAURICE RICHARDSON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER CORY
GREEN SHIELD NO. 1392 AND JOHN DOES 1-4,

                              Defendants.
-------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No.    CV

15 cv 231

JUDGE ABRAMS

Plaintiff, by his attorney, Jason L. Lopez, as and for their complaint hereby alleges as follows:

## Parties

1. Plaintiff MAURICE RICHARDSON presently resides and is domiciled in the State of Pennsylvania.

2. Upon information and belief defendant the CITY OF NEW YORK (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3. Upon information and belief, defendant POLICE OFFICER CORY GREEN (hereinafter "Richardson") resides and is domiciled in the State of New York.

4. Upon information and belief, defendants POLICE OFFICERS JOHN DOES 1-4 (hereinafter "John Does") reside and are domiciled in the State of New York.

## Jurisdiction -Venue

5. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and

laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4).

6. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

### General Allegations of Fact

7. Plaintiff presently resides in Pennsylvania.

8. At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

9. Upon information and belief, at all times relevant hereto, Police Officer Green was employed by the New York City Police Department. As such, Police Officer Green possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

10. Upon information and belief, at all times relevant hereto, JOHN DOES 1 - 4 were employed by the New York City Police department as police officers. As such, Officer JOHN DOES 1 - 4 possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

11. On December 15, 2012 plaintiff was lawfully operating a his vehicle in the vicinity 9th Avenue and West 13th Street, New York, NY when he was taken into custody by Police Officer Green and Police Officers John Does 1-4 for allegedly operating a vehicle while his ability was impaired by drugs V.T.L. Section 1192.4.

12. Plaintiff was placed in handcuffs and transported to a Precinct controlled and operated by defendants. Subsequently Plaintiff was transported to New York County Central Booking located at 100 Centre Street. Plaintiff was released in the afternoon of March 20, 2013.

13. Plaintiff was charged under New York County Docket No.: 2012NY093828 with one count of Operating a Vehicle While Ability Impaired by Drugs V.T.L. §1192.4.

14. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2012NY093858. Ultimately, the case was dismissed on November 25, 2013.

## FIRST CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

15. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 14.

16. At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of Plaintiff.

17. That on December 15, 2012 the defendants wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York.

## SECOND CAUSE OF ACTION
### FAILURE TO INTERVENE - 4TH AMENDMENT - PURSUANT TO 42 U.S.C. §1983

18. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19. Members of the New York City Police Department have an affirmative duty to asses the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the New York City Police Department employing unjustified and excessive force against a civilian or falsely arresting a civilian. DefendantsJohn Does 1-4 failed to intervene in the aforementioned conduct.

## GENERAL DAMAGE

20. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 19.

21. As a result of the actions and inactions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights.

22. As a result of the actions of the defendants set forth herein, the plaintiff was caused to sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy five thousand dollars ($75,000).

23. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

24. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23.

25. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

26.     Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27.     Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: 1/13/15

LAW OFFICE OF JASON LOPEZ
By: JASON L. LOPEZ

*Attorneys for Plaintiff*
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAURICE RICHARDSON,

                                                                Index No.     CV

                            Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER CORY
GREEN SHIELD NO. 1392 AND JOHN DOES 1-4,

                           Defendants.
------------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: 1/13/15

                                                                    Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                                  Attorney(s) for